UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    v.<br><br>DENNIS BONILLA-GUZMAN,<br><br>                      Defendant. | No. CR03-093L<br><br>ORDER ON RE-SENTENCING |

      This matter comes before the Court on a limited remand of the Ninth Circuit Court of Appeals pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). United States v. Bonilla-Guzman, 148 Fed.App'x 649 (9th Cir. 2005). In accordance with the limited remand procedures adopted in United States v. Ameline, each party was invited to file a supplemental memorandum (Dkt. # 51). The Court has received and reviewed memoranda from the government (Dkt. # 54) and defendant (Dkt. # 53).

      In the supplemental pleadings, the parties were asked to advance sentencing arguments that were previously barred or deemed "not ordinarily relevant" under the pre-Booker guideline analysis. See United States v. Booker, 543 U.S. 220 (2005). Counsel were reminded that the question at this point is not whether the defendant *should have* received a different sentence. Rather, the question is whether under an advisory guidelines

ORDER ON RE-SENTENCING                            - 1 -

1  regime, the defendant *would have* received a different sentence, and whether that difference
2  would have been *material*.

3  Dennis Bonilla-Guzman pleaded guilty to Conspiracy to Distribute Cocaine in
4  violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B) and 846. Section 841(b)(1)(B) carries a
5  sentence of not less than five years (60 months) imprisonment. Pursuant to the sentencing
6  guidelines, Bonilla-Guzman's sentencing range was from 70 to 87 months, based on a base
7  offense level of 27 and zero criminal history points. Bonilla-Guzman sought, but did not
8  receive, a further reduction pursuant to the safety-valve provision. U.S.S.G. § 5C1.2. The
9  government determined, in conjunction with Canadian authorities who were also
10 investigating the defendant, that the information that Bonilla-Guzman provided to the
11 government in his proffer interview was "less than candid." Government Sentencing
12 Memorandum at 2 (Dkt. # 34). This Court sentenced Bonilla-Guzman to the bottom of the
13 guidelines range. Upon issuing this sentence, the Court said: "It's true that the Defendant
14 has entered a plea of guilty and he attempted to cooperate, and in recognition of that I will
15 impose the bottom of the range of 70 months, but I can't do more than that."

16 In his re-sentencing memorandum, Bonilla-Guzman seizes on this statement as
17 evidence that the Court felt constrained by the mandatory sentencing guidelines, and that the
18 Court would have issued a materially different sentence under the current advisory regime.
19 Bonilla-Guzman also argues that a number of factors that could not be considered prior to
20 Booker must now be evaluated by the Court, including Bonilla-Guzman's age, familial
21 responsibility and socio-economic status. These factors are considered "not relevant" under
22 the guidelines, but might affect the Court's consideration of the statutory sentencing factors.
23 See 18 U.S.C. § 3553(a).

24 Contrary to defendant's arguments, the Court's language acknowledging sentencing
25 limitations referred not to the mandatory restrictions of the Guidelines, but rather to the
26 limitations that Bonilla-Guzman had put on himself by refusing to truthfully provide

ORDER ON RE-SENTENCING            - 2 -

1 information in order to receive the safety-valve reduction.  The safety-valve mechanism at
2 sentencing gave the Court an opportunity to lower the defendant's sentence in recognition of
3 his cooperation.  Bonilla-Guzman failed to do so.  None of the other factors identified in
4 Bonilla-Guzman's re-sentencing memorandum persuades the Court that Bonilla-Guzman
5 would have received a different sentence under the advisory guidelines regime.

6       The Court has considered the arguments and concludes that under an advisory
7 guidelines regime, Bonilla-Guzman's sentence would not have been materially different.  For
8 this reason, IT IS HEREBY ORDERED that Bonilla-Guzman's request for resentencing is
9 DENIED.

11       DATED this 1st day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON RE-SENTENCING			- 3 -